```
01
02
03
04
05                      UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
06                               AT SEATTLE
```

| | | |
|---|---|---|
| 07 | ALVIN BLOOD, ) | CASE NO.: C08-316-RSL-JPD |
| | ) | |
| 08 | Petitioner, ) | |
| | ) | |
| 09 | v. ) | REPORT AND RECOMMENDATION |
| | ) | |
| 10 | KEN QUINN, ) | |
| | ) | |
| 11 | Respondent. ) | |
| | _____ ) | |

## INTRODUCTION

Petitioner Alvin Blood is a Washington state prisoner who is currently serving a 57-month sentence for second degree burglary. Petitioner has filed a petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. § 2254. Respondent has filed an answer, to which petitioner has not filed a response. After considering the parties' submissions and the balance of the record, the Court recommends that the petition be denied with prejudice.

## BACKGROUND

The Washington Court of Appeals summarized the facts in petitioner's case as follows:

> Blood entered Mieko's Fitness Club in Seattle, where he was greeted at the front desk by receptionist Phillip Han. When Blood explained that he was waiting to work out with a friend, Han asked if he had completed a guest

REPORT AND RECOMMENDATION
PAGE -1

form. Blood said that he had not done so but avoided Han's invitation to fill out a form. When assistant manager Darren Monroe approached, Blood asked if he could use the restroom. Monroe agreed and pointed to the locker room.

As Blood walked toward the locker room, Thomas Hopkins, the manager, approached the front desk and asked Han and Monroe if Blood had completed a guest form. Hopkins had seen Blood enter the gym, did not recognize him as a member, and was concerned when he saw Blood approaching the locker room, unaccompanied and carrying a large black bag. Hopkins and Monroe sent Han into the locker room.

Han found Blood in the locker room standing in front of a locker in the first set of lockers immediately beyond and next to the restroom door, which remained closed. Blood had bolt cutters in his hands and was apparently attempting to cut off a lock. Concerned about how Blood would react to his presence, Han asked how he was doing. Blood immediately put the bolt cutters into his bag, keeping his back turned to Han. Blood then asked if he could change his clothes. Because "a lot of things were going through [his] mind," Han agreed and immediately went to the front desk and told Hopkins and Monroe that Blood was attempting to cut locks.

Hopkins called the police while Monroe went to the locker room where he found Blood sitting on a bench, putting on his jacket. Monroe told Blood that he would have to wait for his friend at the front rather than in the locker room. Monroe followed Blood back to the front desk and after exchanging some words, Blood left the gym.

When police arrested Blood, they found a pair of bolt cutters and a piece of a lock in his bag. The State charged Blood with one count of second degree burglary. Following the jury's guilty verdict, the trial court imposed a standard range sentence.

*State of Washington v. Alvin Blood*, Unpublished opinion (Wash. Ct. App. March 6, 2006) (Dkt. No. 15, Ex. 5 at 1-2).

Petitioner appealed to the Washington Court of Appeals. The court affirmed petitioner's conviction in an unpublished opinion. (*Id*). Petitioner sought discretionary review with the Washington Supreme Court. (Dkt. No. 15, Ex. 8). The Washington Supreme Court denied

REPORT AND RECOMMENDATION
PAGE -2

review, concluding petitioner's direct appeal. (Dkt. No. 15, Ex. 9).

Turning to federal court, petitioner filed the instant petition for a writ of habeas corpus on February 21, 2008. (Dkt. No. 1). After receiving an extension of time, respondent filed an answer, along with the state court record, on May 16, 2008. (Dkt. No. 14). Petitioner has not filed a response to the answer and the matter is now ready for review.

## GROUNDS FOR RELIEF

Petitioner sets forth the following two grounds for relief in his habeas petition:

1. Petitioner's right to due process under the 14th Amendment was violated because there was insufficient evidence to prove the crime of [second degree] Burglary.

2. Petitioner's right to due process under the 14th Amendment was violated because the trial court rejected his request for a lesser included instruction.

(Dkt. No. 1 at 6, 8).

The Court will address each ground for relief in turn.

## DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's adjudication is *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* In addition, a habeas corpus petition may be granted if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)

In *Lockyer v. Andrade,* 538 U.S. 63 (2003), the Supreme Court examined the meaning of the phrase "unreasonable application of law" and corrected an earlier interpretation by the Ninth Circuit which had equated the term with the phrase "clear error." The Supreme Court explained:

> These two standards, however, are not the same. The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness. It is not enough that a federal habeas court, in its "independent review of the legal question" is left with a "firm conviction" that the state court was "erroneous." . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable.

538 U.S. at 68-69 (citations omitted).

Thus, the Supreme Court has directed lower federal courts reviewing habeas petitions to be extremely deferential to decisions by state courts. A state court's decision may be overturned only if its application of federal law is "objectively unreasonable." 538 U.S. at 69.

<u>Petitioner's first claim: insufficient evidence</u>

In his first ground for relief, petitioner claims that his conviction is not supported by sufficient evidence and the state court's conclusion to the contrary is objectively unreasonable.

REPORT AND RECOMMENDATION
PAGE -4

01  Specifically, petitioner appears to argue that he was given permission to enter the locker room

02  and that he "never left the room into which he was allowed to enter." (Dkt. No. 1 at 6). Thus,

03  petitioner contends, his conduct fails to meet all the elements of second degree burglary.

04  In reviewing a claim based upon sufficiency of the evidence, a federal habeas court must

05  view the evidence in the light most favorable to the prosecution. *See Gordon v. Duran*, 895 F.2d

06  610, 612 (9th Cir. 1990). Review is sharply limited, and the federal court owes great deference

07  to the trier of fact. *Wright v. West,* 505 U.S. 277, 296-97 (1992). A conviction may rest

08  exclusively on circumstantial evidence. *See Jeffries v. Blodgett*, 5 F.3d 1180, 1193-94 (9th Cir.

09  1993). Evidence is sufficient if "*any* rational trier of fact could have found the essential elements

10  of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)

11  (emphasis in original).

12  The Washington criminal statute at issue provides that a person is guilty of second degree

13  burglary if the person (1) unlawfully enters or remains in a building (2) with the intent to commit

14  a crime against a person or property therein. *See* RCW 9A.52.030(1). Washington courts have

15  defined "unlawfully remaining" as meaning when a person lawfully enters a building pursuant to

16  an invitation, which is expressly or impliedly limited, and the person violates those limits. *See*

17  *State v. Thomson*, 71 Wash. App. 634, 640-41 (1993).

18  Here, testimony at trial established that petitioner entered the health club, asked to use

19  the restroom, and was given permission to do so by the club's assistant manager. (Dkt. No. 15,

20  Ex. 11 at 18). Petitioner was not given permission to use any other part of the club. (*Id.*) The

21  restroom was located inside the locker room. However, when the assistant manager went inside

22  the locker room to look for petitioner, he found him "sitting in a small cove of lockers . . . [and]

REPORT AND RECOMMENDATION
PAGE -5

01  putting something back into his bag." (*Id.* at 21).  Viewed in the light most favorable to the

02  prosecution, this evidence was sufficient to permit a rational trier of fact to find that petitioner

03  had exceeded the scope of the permission he had been granted to use the restroom. *See Jackson*

04  *v. Virginia*, 443 U.S. at 319.  Accordingly, petitioner has failed to show that the state court's

05  decision was objectively unreasonable and petitioner's first ground for relief should be denied.

06  <u>Petitioner's second claim: lesser included instruction</u>

07  In his second ground for relief, petitioner contends that the trial court violated his due

08  process rights by rejecting his request to instruct to the jury on the elements of attempted third

09  degree theft, which petitioner argues is a lesser included offense of second degree burglary.

10  However, petitioner's argument fails for two reasons.  First, it is not clear that a habeas petitioner

11  may challenge the failure of a state court to issue a lesser-included-instruction in a non-capital

12  case.  *See Anderson v. Calderon*, 232 F.3d 1053, 1084 (9th Cir. 2000), *cert. denied*, 534 U.S.

13  1036 (2001), *overruled on other grounds by Osband v. Woodford*, 290 F.3d 1036, 1043 (9th Cir.

14  2002).  Second, even if petitioner may raise such a challenge here, the state court decision

15  resolving this issue is not objectively unreasonable.  The Washington Court of Appeals carefully

16  applied the relevant test in analyzing this issue and concluded that "none of the elements of

17  attempted third degree theft are necessary elements of second degree burglary," and that

18  therefore, "the trial court properly denied [petitioner's] request for a lesser included instruction."

19  (Dkt. No. 15, Ex. 5 at 4).

20  Accordingly, petitioner has failed to show that the state court's decision was objectively

21  unreasonable and petitioner's second ground for relief should be denied.

22  /

REPORT AND RECOMMENDATION
PAGE -6

## CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be denied with prejudice. A proposed Order reflecting this recommendation is attached.

DATED this 16th day of June, 2008.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -7